840

PORTER, Price Administrator, v.
REISMAN et al.
Civil Action No. 2989.

District Court, N. D. Georgia,
Atlanta Division.

Oct. 23, 1946.

James M. Roberts and C. L. Henry both of Atlanta, Ga., for plaintiff.

A. Walton Nall, of Atlanta, Ga., for defendant.

UNDERWOOD, District Judge.

The above case came on for hearing upon motion to dismiss and was duly heard.

The petition in this case does not pray for damages but only for an injunction restraining defendants from buying, selling, or receiving bovine cattle at prices in excess of maximum prices permitted by Maximum Price Regulation Number 574, and from violating any other provision of said Regulation.

The petition was filed on June 28, 1946, two days before the expiration, by its own terms, of the Emergency Price Control Act on June 30, 1946. 50 U.S.C.A.Appendix, § 901 et seq.

The Price Control Extension Act of 1946 was enacted by Congress and approved July 25, 1946. 50 U.S.C.A.Appendix § 901 et seq. It was made retroactive, as far as it could be, to June 30, 1946, except by its terms price control over live stock and food products manufactured therefrom was deferred until August 21, 1946.

By an order of the Price DeControl Board issued and effective August 20, 1946, live stock or food or food products processed and manufactured in whole or in substantial part from live stock, were placed under modified control, differing from the control existing prior to the expiration of the Emergency Price Control Act on June 30, 1946. On October 15, 1946, by order of the President, all pertinent control and regulations under the Act were revoked and there is now no provision of the Act nor regulation fixing maximum prices or otherwise regulating dealings respecting bovine cattle under said Regulation Number 574.

The remedy sought in the petition respects only future violations of the Emergency Act and regulations issued thereunder. No damages are sought and there is no prayer with respect to past transactions which in this case would make effective the portion of the original act providing for the continuance of liabilities claimed in pending suits.

It appears from the above, therefore, that, as far as this case is concerned, there is no existing relevant provision in the Act, or regulations issued thereunder, violations of which could be enjoined, all applicable controls having been revoked and terminated.

The petition, therefore, in present circumstances, presents only moot questions and alleges no facts which would authorize the issuance of the injunction prayed for.

Whereupon, it is considered, ordered and adjudged that the said petition be, and hereby is, dismissed.